IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2001

## STATE OF TENNESSEE v. TONY D. JOHNSON

**Appeal from the Criminal Court for Shelby County**
**No. 00-01143     Chris Craft, Judge**

---

**No. W2001-00026-CC-R3-CD - Filed December 28, 2001**

---

The Defendant, Tony D. Johnson, was convicted by a Shelby County jury of felony possession of cocaine with intent to sell. After a sentencing hearing, the Defendant was sentenced to ten years as a Range I standard offender. In this appeal as of right, the Defendant contends that (1) the evidence presented at trial is insufficient to support the jury's verdict of guilty beyond a reasonable doubt and (2) the trial court erred in imposing a ten year sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and DAVID G. HAYES, J., joined.

Patricia A. Woods, Memphis, Tennessee, for the appellant, Tony D. Johnson.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and John Tibbetts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 14, 1999, Officer Tracy Washington, Officer D. Bryant, and two other officers with the Memphis Police Department were patrolling the New Chicago area of Memphis near a convenience store at 1292 Bellevue. As they approached the convenience store, the officers noticed a group of people standing on the sidewalk in front of the store. The store had a large "no loitering" sign near its entrance. The New Chicago area of Memphis, and, in particular, this convenience store, is an area known for drug activity. Officer Washington recognized the Defendant as one of the individuals standing in front of the store, and was aware that the Defendant had previously been barred from the property. As the officers neared the stored, the group of people scattered and Officer Washington saw the Defendant run into the convenience store. Officer Washington testified that she and another officer followed the Defendant into the store and apprehended him near a video poker machine.

Officer D. Bryant testified that, as Officer Washington pursued the Defendant into the store, he stopped to look through the store window in order to observe the actions of the store's occupants and ensure the safety of his fellow officers. While looking through the window, Officer Bryant saw the Defendant throw a brown bag behind the video poker machine near an ice cream freezer. Officer Bryant then entered the store, told Officer Washington to take the Defendant into custody, and retrieved the brown bag the Defendant had thrown behind the video poker machine. Inside the bag, Officer Bryant found approximately 90 rocks of what was later determined to be crack cocaine. After a search of the Defendant's person, the officers recovered $949 dollars in cash (three $100 bills, twenty-nine $20 bills, five $10 bills, three $5 bills, and four $1 bills).

Officer Jeff Simcox of the Memphis Police Department testified that the drugs found in the brown bag near the Defendant weighed 16.4 grams. Dr. Freda Saharovici of the University of Tennessee Toxicology lab testified that the samples submitted to her for testing by Officer Simcox were cocaine.

Doris Johnson, the Defendant's mother, testified that she was informed that the Defendant was arrested, and she arrived at the convenience store in time to see the Defendant and Darrel Fitch, or "DaDa," in the back of separate police cars. Mr. Fitch was not arrested.

Everett Jackson was working at the convenience store on the day that the Defendant was arrested. Mr. Jackson testified that the Defendant had been inside the store playing video poker for at least twenty minutes prior to the police's arrival. Mr. Jackson further stated that Mr. Fitch and another gentlemen ran into the store and yelled, "5-0," when the police arrived. On cross-examination, Mr. Jackson admitted that he did not see Mr. Fitch throw or discard anything, and that he is a friend of the Defendant's brother.

**SUFFICIENCY**

The Defendant first contends that the evidence presented at trial is insufficient to support the jury's verdict beyond a reasonable doubt. The Defendant argues that because of a metal grate over the window of the store, Officer Bryant could not have observed the Defendant discarding the brown bag, and, therefore, no reasonable jury could conclude that the Defendant was guilty beyond a reasonable doubt. We must respectfully disagree.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102,

105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

In his brief, the Defendant asserts that the only dispute regarding the sufficiency of the evidence is "whether Officer Bryant was able to see who actually threw something." The Defendant asks this Court to review the photographic exhibits and make a finding that no reasonable jury could have concluded that Officer Bryant observed the Defendant through the window throw the brown bag of drugs. We decline to make such a determination in the face of the jury's clear finding to the contrary.

The jury was presented evidence that the officers pursued the Defendant into the convenience store, and Officer Bryant observed the Defendant discard the brown bag. Officer Bryant later testified that he recovered the brown bag. Dr. Sarahovici informed the jury that the substance within the brown bag was cocaine.

The Defendant presented evidence to the jury that he was not on the sidewalk when the police pulled up to the convenience store. The Defendant also introduced photographs of the interior and exterior of the convenience store in an effort to prove to the jury that Officer Bryant could not have seen the Defendant from outside the store.

The jury clearly credited the testimony of Officer Bryant, and that determination will not be disturbed by this Court. See Morris, 24 S.W.3d at 795; Pappas, 754 S.W.2d at 623. This issue is without merit.

**SENTENCING**

Finally, the Defendant contends that he was inappropriately sentenced to ten years in the Department of Corrections. The Defendant argues that the trial court improperly used a previous felony conviction both to establish the Defendant as a Range I standard offender and to enhance his sentence above the minimum. Because no previous felony conviction is required to establish the Defendant as a Range I standard offender, we affirm the sentence of the trial court.

-3-

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The Criminal Sentencing Reform Act of 1989 requires the court to determine a defendant's status as either a standard, multiple, persistent, career or especially mitigated offender. See Tenn.Code Ann. §§ 40-35-105 to -109. While the classification as standard, multiple, persistent, or career offender is determined as a matter of law in accordance with statutory guidelines, the finding that an offender is especially mitigated is to a large extent within the discretion of the court. See State v. Hicks, 868 S.W.2d 729, 730-31 (Tenn. Crim. App. 1993); State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993). The especially mitigated offender section provides that "[t]he court may find the defendant is an especially mitigated offender . . . ." Tenn.Code Ann. § 40-35-109. The Sentencing Commission Comments to the section emphasize the discretionary nature of the classification:

> [S]entences have been divided into one of three ranges. The sentencing ranges are governed by the presence or absence of prior convictions. If a defendant has little or no prior criminal record, such defendant would normally be sentenced within Range I as a standard offender . . . . However, there are instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties. In such instances, the judge may designate the defendant as an "especially mitigated offender" under the provisions of this section . . . . While the other types of offenders, such as multiple, persistent or career mandate sentences within their required ranges, a finding of an especially mitigated offender is discretionary with the trial court.

Thus, the court may exercise its discretion and find that an offender is "especially mitigated" if:

(1) [t]he defendant has no prior felony convictions;  and
(2) [t]he court finds mitigating, but no enhancement factors.

Id.  Clearly, without any previous criminal history, a defendant would be classified as a standard offender, and, only at the discretion of the trial court, would a defendant be sentenced as an especially mitigated offender.  See State v. Turner, 30 S.W.3d 355, 362 (Tenn. Crim. App. 2000); State v. Collins, 986 S.W.2d 13, 22-23 (Tenn. Crim. App. 1998).

In the present case, the Defendant's prior felony conviction was not necessary to establish him as a Range I standard offender, and, accordingly, the trial court did not err by using that conviction to enhance his sentence above the presumptive minimum of eight years.

Furthermore, we find no error in the trial court's imposition of a ten year sentence given the Defendant's extensive criminal history.  During the sentencing hearing, the trial court detailed the Defendant's criminal history as follows:

Mr. Johnson – the pattern of his convictions shows a pattern of committing crimes, the same type of crime, over and over and just basically not caring about what the laws are.

He was arrested for driving on revoked license April 29th of '93, got a fine.  Arrested again that same year, November 9th, for driving while license revoked; got a fine.  Arrested shortly thereafter, May 11th '94, for driving while license revoked the third time; got a fine.  Arrested that same year for the fourth time driving while license revoked.  Then they gave him 20 days and tried  prison.  Nevertheless – and he also while driving the fourth time with his license revoked was intoxicated.  He was placed on probation and didn't violate his probation.  Then he started picking up drug cases, October 5th, '96 possession of marijuana.  He got 90 days on that.  But at the same time was convicted of selling cocaine and got three years on that charge.  Or possession of cocaine with intent to sell.  Then while on bond for that offense was arrested and convicted for soliciting rides or business from the roadway, disorderly conduct and evading arrest while on bond for the drug charges.  Then shortly thereafter, while on bond for all of those offenses, again driving while his license is revoked.

The thing that makes me want to give this a lot of weight is that Mr. Johnson is convicted of possessing cocaine in our community with intent to sell, gets a three-year sentence and then comes out and does it again this time possessing 19 grams of crack cocaine, a huge amount of crack cocaine.

The Defendant was convicted of a Class B felony, with a sentencing range of between eight and twelve years.  See Tenn. Code Ann. §§ 39-17-417(c)(1), 40-35-112(a)(2).  Given the Defendant's criminal history, we cannot say that the trial court erred in sentencing the Defendant to the mid-range of ten years in the Department of Correction.  This issue is without merit.

## CONCLUSION

For the foregoing reasons, we find the evidence sufficient to support the Defendant's conviction for possession of crack cocaine with intent to sell and that the Defendant was properly sentenced. Accordingly, the judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE